UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIMOTHY ASKEW, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>SHERIFF MIKE DEATRICK, et al., )<br>)<br>Defendants. ) | No. 4:06-cv-078-SEB-WGH |

**Entry Discussing Motion for Summary Judgment**

Timothy Askew ("Askew") was formerly confined at the Harrison County Justice Center ("Jail") and alleges that the conditions of his confinement at the Jail violated his federally secured rights. The defendants are Harrison County Sheriff Mike Deatrick, Bruce Lahue, Bridget Libby, Trisha Laswell, Michael Dunnaway, and Joy Brunner. The defendants seek resolution of Askew's claims through the entry of summary judgment. Askew has opposed that disposition.

Having reviewed the pleadings and the defendants' motion for summary judgment, together with the defendants' motion, Askew's response and the defendants' reply, the court finds that the motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

1.  The operative pleading setting forth Askew's claims at this point is the amended complaint (dkt 27) filed on August 27, 2008.  The amended complaint was screened as required by 28 U.S.C. § 1915A, and as a result of that process the following claims remain:

    a. The claim that Captain Lahue forced Askew to sleep on the cement floor, adversely affecting his health;

    b. The claim that Sheriff Deatrick, Captain Lahue, and Officer Libby denied him medications prescribed by his doctor to treat his acid reflux;

    c. The claim that Trisha Laswell knowingly gave the plaintiff the wrong medication which made him dizzy and caused his acid reflux symptoms to worsen;

    d.    The claim that Lt. Brunner, Officer Laswell, and Officer Dunnaway forced Askew to sit on a cold concrete floor for 2½ hours, denying him access to the restroom during this time.

    2.    As noted, the defendants seek resolution of Askew's claims through the entry of summary judgment.

    a.    "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

    b.    The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Rule 56(c)).

    c.    "'[A] party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). The non-moving party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

    d.    Because the defendants seek the entry of summary judgment, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1989), and by Local Rule 56.1, was issued. Through this notice, Askew was notified of the nature of the defendants' motion, the proper manner in which to respond, and the consequences of failing to respond. Askew has responded to the motion with a discussion of his claims, but he has not responded with admissible evidence from himself or from potential witnesses. Such response is not sufficient to raise a genuine issue of material fact. See *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) (explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e) . . . As such, we can simply ignore them."). As Askew was notified, he can defeat the motion for summary judgment only by coming forward with actual evidence. "[M]otions for summary judgment must be

decided on the record as it stands, not on litigants' visions of what the facts might some day reveal." *Maldonado-Denis v. Castillo-Rodriguez,* 23 F.3d 576, 581 (1st Cir. 1994).

3. The defendants seek resolution of the action through summary judgment based on their argument that Askew failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA") before filing this lawsuit.

a. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

b. Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

4. Construed in a manner reasonably most favorable to Askew as the non-moving party, the evidence here shows the following:

- Askew was confined at the Jail from December 10, 2005 through April 20, 2006.

- At the time Askew was confined at the Jail, there was an administrative grievance procedure whereby inmates at the Jail could seek relief with respect to their treatment and the conditions of their confinement.

- Askew's claims in this action, as reviewed in paragraph 1 of this Entry, relate to conditions or treatment within the scope of issues and concerns which could have been presented through the Jail's grievance procedure.

- Askew did not utilize the Jail's grievance procedure relative to his claims in this case.

5. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Askew's federal claims were within the scope of the grievance procedure at the Jail. The evidentiary record shows that Askew did not use the administrative grievance process available to him at the Jail. Askew argues that the grievance process was inadequate for

various reasons, but the PLRA does not prescribe a particular process or require exhaustion only when a grievance process includes certain minimum procedures--such as Askew implies are required, in the form of an appeal stage and the prisoner receiving or retaining a carbon copy of the grievance submitted. Furthermore, even if Askew's opposition to the motion for summary judgment had been submitted as a sworn statement, it is entirely conclusory and would thus not prevent the entry of summary judgment here, for "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990).

6.  The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Askew's action should not have been brought and the federal claim must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

The defendants' motion for summary judgment is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/09/2008

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana